RACHEL JULAGAY
Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
rachel_julagay@fd.org
Phone:  (406) 727-5328
Fax:  (406) 727-4329
        Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KARESHMAA KAUR JAGROOP,<br><br>Defendant. | **Case No. CR 22-109-GF-BMM**<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR POSTPONEMENT OF TRIAL AND FOR EXTENSION OF ALL DEADLINES**<br><br>**[Speed Trial Act, 18 U.S.C. §3161(h)(1) Excludable Time:  Unknown]** |

### Memorandum of Points and Authorities

### I.    Introduction

The Defendant, Kareshmaa Kaur Jagroop was charged by Indictment on December 22, 2022, with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and criminal forfeiture in accordance with 21 U.S.C. §

1

853(a).  Ms. Jagroop faces a mandatory minimum sentence of ten years to life imprisonment, $10,000,000 fine, and at least (5) five years of supervised release on count I, and a mandatory minimum sentence of ten years to life imprisonment, $10,000,000 fine, and at least (5) five years of supervised release on count II.  (Docs. 1 and 2).

Ms. Jagroop was arraigned before Chief United States District Judge Brian M. Morris on July 6, 2023, and plead not guilty. (Doc. 7). Ms. Jagroop is currently in custody, and reserved her right to a detention hearing.  (Doc. 7). Trial was set for September 12, 2023.  (Doc. 12).

Additional investigation of both resolution and pretrial motions needs to be conducted to fully prepare this matter.   The Government has produced significant discovery including audio/video files necessitating Ms. Jagroop's review of these items with counsel, and items available for review only at the office of Homeland Security. Additionally, the Undersigned was working with the Government on developing a means to obtain a large volume of additional discovery for review within our office. This discovery has now been obtained as of today and will require considerable additional time to review due to its volume.  The work that needs to be undertaken to properly investigate, research pretrial motions, gather materials relevant to possible resolution, and trial preparation cannot be accomplished within the current schedule.

2

## II.   <u>Legal Analysis</u>

The Speedy Trial Act generally requires that a case must be brought to trial within 70 days of a defendant's initial appearance before a judicial officer.  18 U.S.C. § 3161(c)(1).   However, the Act does provide a long list of periods of delay that are to be excluded in computing the time within which a trial must commence.  *See generally*, 18 U.S.C. § 3161(h).  Two (2) of the grounds set forth in § 3161(h) are relevant to this Motion: delay resulting from the filing of any pretrial motions and delay resulting from a continuance granted by a judge on the basis of his findings that the ends of justice served by taking the action outweigh the best interest of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(1)(F) and § 3161(h)(8).

The Speedy Trial Act also allows for delay when necessitated by the "ends of justice".  Under § 3161(h)(8)(A), a trial court may exclude any period resulting from a continuance beyond the limits of the Speedy Trial Act on a finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  A continuance can be granted on this ground on the judge's own motion or at the request of the defendant or his counsel or the attorney for the government.  In granting a continuance under this subsection the court should consider the factors set forth in § 3161(h)(8)(B).  Among the factors that the court is to consider are: whether failure to grant the continuance would be likely to make

3

continuation of the proceedings impossible or cause a miscarriage of justice; whether the case is so unusual or so complex that adequate preparation could not be had within the usual time limits; and, whether failure to grant the continuance in a case, which taken as a whole, is not so unusual or complex, would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The trial court must set forth "reasonably explicit findings" orally or in writing when excluding time under § 3161(h)(8)(A).  *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir. 1983).

Failure to grant this continuance would likely cause a miscarriage of justice. The Undersigned is investigating possible resolutions for this case prior to trial, as well as possible pretrial motions.  But in the event that trial is necessary, the work that needs to be undertaken to properly investigate and prepare this case for trial cannot be accomplished within the current schedule.  The factual issues attending the allegations of the case are sufficiently complex as to require additional time for analysis and preparation – both of potential motions and for trial – within the time limits imposed by the Speedy Trial Act.

### III.   Conclusion

As a consequence of the issues discussed above additional time is required to allow Ms. Jagroop to either obtain a resolution or to properly investigate and prepare potential motions and investigation for trial.  Ms. Jagroop prays that the Court will

continue the trial at least 90 days from the current setting of September 12, 2023. The Defendant requests an order declaring the ends of justice will be served and outweigh the best interest of the public and the Defendant in a speedy trial, and that trial be postponed 90 days from the current setting, and that all deadlines be adjusted accordingly. A continuance, if granted, would be fully justified under the terms of the Speedy Trial Act of 1974.  Accordingly, Ms. Jagroop respectfully requests that the Court grant this Motion and continue her trial for 90 days from the current setting and extend all deadlines in this case.

RESPECTFULLY SUBMITTED this 14th day of August, 2023.

/s/ Rachel Julagay

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum in Support of Defendant's Unopposed Motion for Postponement of Trial and Extension of All Deadlines is in compliance with Local Rule 7.1(d)(2)(as amended).  The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 911 excluding tables and certificates).

DATED this 14th day of August, 2023.

/s/ Rachel Julagay

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on August 14, 2023, a copy of the foregoing document

was served on the following persons by the following means:

_1,2_ CM-ECF
_____Hand Delivery
_3_ Mail
_____Overnight Delivery Service
_____Fax
_____E-Mail

1.    CLERK, UNITED STATES DISTRICT COURT

2.    JEFFREY K. STARNES
      Assistant United States Attorney
      United States Attorney's Office
            Counsel for the United States of America

3.    KARESHMAA KAUR JAGROOP
            Defendant


                              /s/ Rachel Julagay_____

6