**JEFFREY K. STARNES**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. N., Suite 300**
**Great Falls, MT 59401**
**Phone: (406) 761-7715**
**Fax: (406) 453-9973**
**E-mail: jeff.starnes@usdoj.gov**

**FILED**

DEC 2 2 2023

Clerk, U.S. District Court
District Of Montana
Great Falls

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 22-109-GF-BMM |
| --- | --- |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT**<br>(*Fed. R. Crim. P.* 11(c)(1)(A) and (B)) |
| **KARESHMAA KAUR JAGROOP** | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Jeffrey K. Starnes, Assistant United States

Attorney for the District of Montana, and the defendant, KARESHMAAA KAUR

JAGROOP, and the defendant's attorney, Rachel Julagay, have agreed upon the

following:

AUSA    DEF    ATTY    Date 12/22/23

1.    **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.    **Charges:**  The defendant agrees to a superseding information that charges possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), and to plead true to the forfeiture allegation.  This charge carries a maximum penalty of 20 years of imprisonment, a $1,000,000 fine, at least three years of supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss the indictment.

3.    **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by: Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the United States:  a) moves to dismiss, and the Court agrees to dismiss the indictment; and b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

AUSA      DEF      ATTY      Date  12/22/23

**4.** **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge as stated in the superseding information. In pleading guilty, the defendant acknowledges that:

- <u>First</u>, the defendant knowingly possessed a substance containing a detectable amount of cocaine, a Schedule II controlled substance; and

- <u>Second</u>, the defendant possessed it with intent to deliver it to another person.

**5.** **Waiver of Rights by Plea:**

(a)    The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent, and the Court must approve a non-jury trial.

AUSA       DEF       ATTY       Date                                              Page 3

(e)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant

AUSA     DEF     ATTY     Date     12/22/23

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure.  By execution of this agreement, the defendant waives that right and agrees to hold that hearing before and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

| AUSA | DEF | ATTY | 12/22/23 Date | Page 5 |

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.    **Recommendations:**  The United States will make the following recommendations:

- First, the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility;

- Second, the United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines; and

- Third, the United States will recommend to the Department of Homeland Security, Enforcement and Removal Office, the United States Citizen and Immigration Service, or an immigration Judge that the defendant not be removed or deported following the completion of any custodial sentence imposed in this case.  In exchange for this recommendation, the defendant will truthfully answer questions submitted to her by law enforcement and truthfully testify if subpoenaed to testify for any hearing, including before the grand jury or at a trial.  The defendant understands that this recommendation is not binding on any agency or department of the United States Government.

The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

7.    **Forfeiture:**  As part of this agreement, the defendant agrees to abandon and disclaim any right, title, or interest in the property listed in the attached appendix to this agreement, and consents to the destruction or disposition

of such property as provided for by the policies and procedures of any law enforcement agency in possession of the listed items.

      8.    **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

      9.    **Waiver of Appeal of the Sentence – Unconditional:**  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may

appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

10.    **Voluntary Plea:**  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11.    **Loss of Federal Benefits:**  The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

12.    **Mandatory Detention After Plea:**  Pursuant to 18 U.S.C. § 3143(a)(1), the defendant acknowledges that the defendant will be detained upon conviction unless the Court finds, by clear and convincing evidence, that the defendant will not likely flee or pose a danger to the community.

13.    **Breach:**  If the defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and

sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

**14.    Entire Agreement:**  Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney


JEFFREY K. STARNES
Assistant U. S. Attorney
Date: 12/22/23


KARESHMAA KAUR JAGROOP
Defendant
Date: Dec 18 2023


RACHEL JULAGAY
Defense Counsel
Date: 12/22/23

AUSA    DEF    ATTY    Date    12/22/23

Page 9