**JEFFREY K. STARNES**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT  59403
119 First Ave. North, Suite 300
Great Falls, MT  59403
Phone:  (406) 761-7715
FAX:  (406) 453-9973
E-mail:   Jeff.Starnes@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. KARESHMAA KAUR JAGROOP, Defendant. | CR 22-109-GF-BMM  SENTENCING MEMORANDUM |
|---|---|

## INTRODUCTION

In July 2021, defendant Jagroop drove a commercial truck northbound on I-15 towards the Sweetgrass, Montana border crossing with Canada.  Her truck was stopped at the port for inspection and CBP officers located over 26 kilograms of cocaine concealed in pallets of watermelons in the trailer.

1

Jagroop's offense is clearly serious. The Court well-knows the significant destructive impact that drug use and distribution leaves on communities across the United States. The United States thus recommends the Court impose a sentence that includes a guideline term of imprisonment, an appropriate term of supervised release, and a $100 special assessment.

## THE PRESENTENCE INVESTIGATION REPORT ("PSR")

There are no outstanding objections to the PSR. *See* PSR Addendum. Jagroop's total offense level is 23 and her criminal history category is I. PSR ¶ 73. This results in an advisory guideline imprisonment range of 46 to 57 months of imprisonment. *Id*. Additionally, because Jagroop meets the "safety-valve' criteria set forth under USSG § 5C1.2 and 18 U.S.C. § 3553(f), she is not subject to any mandatory minimum term of imprisonment. PSR ¶ 72.

## SENTENCING ANALYSIS

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;

2

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forward additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4),(5),(6).

## ARGUMENT

With the above factors in mind, the United States recommends the court impose a sentence to a guideline term of imprisonment. Jagroop's crime was extremely serious. Although it appears that Jagroop was a runner for some drug trafficking organization in Canada, and thus less culpable than a leader or organizer, she nevertheless was responsible for trafficking more than 26 kilograms of cocaine between the United States and Canada. With her actions, Jagroop would have enabled and prayed upon the addictions of others. Moreover, she directly contributed to a pandemic of drug use that wreaks havoc on communities

throughout the country. A guideline term of imprisonment will address the seriousness of the offense.

Moreover, any sentence imposed by the Court should also provide adequate deterrence and respect for the law. A sentence of incarceration would serve to deter both Jagroop and the general public from engaging in this conduct. More importantly, a guideline term of imprisonment imposed in this case would directly deter Jagroop by sending a needed message to her and those that hear about her case, that drug use and distribution will be met with severe consequences.

Finally, although Jagroop is not a United States citizen, and may return to Canada at some point, the United States anticipates that there will be a period of time when she releases from any custodial sentence and remains in the United States while pending immigration proceedings. Given Jagroop's substance abuse and mental health issues, a term of supervision is appropriate to ensure she reasonable steps to address her own substance abuse and mental health issues.

## CONCLUSION

Based on the foregoing, the United States respectfully recommends a sentence to a guideline term of imprisonment, followed by an appropriate term of supervised release and a $100 special assessment.

DATED this 8th day of May 2024.

                                  JESSE A. LASLOVICH
                                  United States Attorney

                                  */s/ Jeffrey K. Starnes*
                                  JEFFREY K. STARNES
                                  Assistant U.S. Attorney
                                  Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response contains 675 words, excluding the caption and certificate of compliance.

                                                               JESSE A. LASLOVICH  
                                                               United States Attorney

                                                               */s/ Jeffrey K. Starnes*  
                                                               JEFFREY K. STARNES  
                                                               Assistant U.S. Attorney  
                                                               Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, a copy of the foregoing document was served on the following persons by the following means:

    (1, 2)  CM/ECF
    ( )      Hand Delivery
    ( )      U.S. Mail
    ( )      Overnight Delivery Service
    ( )      Fax
    ( )      E-Mail

1. Clerk, U.S. District Court

2. Rachel Julagay
   Federal Defendners of Montana
   Attorney for Defendant

                                                */s/ Jeffrey K. Starnes*
                                                Assistant U.S. Attorney
                                                Attorney for Plaintiff